IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, <br><br> Plaintiff, <br><br> v. <br><br> ULTA BEAUTY, INC., a Delaware Corporation <br><br> Defendant. | Case No. 1:23-cv-6819 <br><br> Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Ulta Beauty, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant Ulta Beauty, Inc. is a corporation with its registered office located at 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

5. Upon information and belief, Defendant Ulta Beauty, Inc. owns and/or manages "Ulta Beauty" in Gurnee, IL and Skokie, IL whose locations qualify as "Facilities" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during his visits (and prior to instituting this action) to Ulta Beauty.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to the Gurnee and Skokie, IL areas to visit friends and shop. Plaintiff visited Gurnee, IL on September 29, 2022, and visited Skokie, IL on September 27, 2023, and plans to return in December 2023.

12. Plaintiff shops at retail stores when he is in the area.

13. Plaintiff does not always shop at the same store, but prefers to shop around for the best merchandise, prices, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at stores due to his frequent travels.

15. While many stores advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit stores that offer the merchandise, pricing, and location he desires prior to shopping to ensure that he can access the facility in a manner equal to non-disabled individuals.

17. Despite advertising that Ulta Beauty facilities are accessible, Plaintiff encountered barriers to access at the Gurnee and Skokie stores, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on September 29, and September 27, 2022, respectively.

18. Plaintiff is currently deterred from considering the Facilities as an option for shopping on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facilities.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facilities.

20. Plaintiff returns to every facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facilities; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Ulta Beauty located in Gurnee, IL and Skokie, IL are places of public accommodation covered by Title III of the ADA because they are operated by a private entity, their operations affect commerce, and they are stores. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on September 29, 2022 at the Ulta Beauty facility located at 6517 Grand Ave., Gurnee, Illinois 60031, that affected his disabilities:

    a. Men's Restroom General

        i. Failing to provide a paper towel dispenser or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards, which aggravates Plaintiff's rotator cuff injury in his shoulder.

        ii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

        iii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards, which prevents Plaintiff from utilizing the wall for the necessary leverage to open the door.

    b. Men's Restroom Accessible Stall

        i. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which prevents Plaintiff from safely grasping the

operable part and causes strain on Plaintiff's hand and shoulder injuries.

ii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards, which causes unnecessary strain on Plaintiff's back and shoulder injuries to use the coat hook.

iii. Failing to provide the water closet in the required proper position relative to the sidewall or partition in violation of sections 604 and 604.2 of the Standards, which prevents Plaintiff from using the grab bar to get on and off of the toilet because the toilet is not in the proper position from the wall.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates his rotator cuff injury in his shoulder.

29. Plaintiff also personally encountered architectural barriers on September 27, 2022 at the Ulta Beauty facility located at 5481 W. Touhy Ave., Skokie, Illinois 60077, that affected his disabilities:

   a. Men's Restroom

      i. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of sections 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1 of the Standards, which requires Plaintiff to use a restroom that is not safe or walk further than necessary to locate an accessible restroom, which aggravates his leg, knee, and back injuries.

      ii. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

      iii. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to his back and leg injuries.

    iv.    Failing to provide side grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

    v.    Failing to provide rear grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of sections 609, 609.4 and 609.7 of the Standards, which prevents Plaintiff from using the grab bars for the assistance he needs getting onto and off of the toilet due to his back and knee injuries.

    vi.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates his rotator cuff injury in his shoulder.

    vii.    Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from grasping the grab bar due to his hand and shoulder injuries, and therefore strains his back and knee injuries as he needs the grab bars for assistance getting onto and off of the toilet.

      viii.    Failing to provide proper knee clearance for a person with a disability under a counter or sink element in violation of sections 306, 306.1, 306.3, 606 and 606.2 of the Standards, which aggravates Plaintiff's back injury by requiring unnecessary turning and maneuvering to use the counter or sink element.

      ix.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards, which aggravates the rotator cuff injury in Plaintiff's shoulder and causes undue strain on his back because the door pressure is too heavy.

30.    These barriers cause Plaintiff difficulty in safely using each element of the Facilities because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

31.    Defendant has failed to remove some or all of the barriers and violations at the Facility.

32.    Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

33.    Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

34. It would be readily achievable for Defendant to remove all of the barriers at the Facilities.

35. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facilities identified in this Complaint is in violation of the ADA;

B. declare that the Facilities identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant to make the Facilities accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

        Respectfully submitted,

        CASS LAW GROUP, P.C.

        /s/ Angela C. Spears
        Angela C. Spears (IL Bar #: 6327770)
        CASS LAW GROUP, P.C.
        20015 S. LaGrange Rd #1098
        Frankfort, IL 60423
        T: (833) 343-6743
        F: (855) 744-4419
        E: aspears@casslawgroup.com
        *Counsel for Plaintiff*

Dated: September 1, 2023